TOOKEY, J.
*160 Defendant appeals a judgment of two counts of contempt based on his violation of a Family Abuse Prevention Act (FAPA) restraining order. ORS 107.700 - 107.735. Defendant raises two assignments of error; we write only to address defendant's first assignment of error, in which he contends that the trial court erred in finding him in contempt *913 of court on Count 1.[1] For the reasons that follow, we reverse the trial court's finding of contempt on Count 1, and otherwise affirm.
The pertinent facts relating to Count 1 are few and undisputed. A obtained a FAPA restraining order that prohibited defendant from, among other things, contacting or attempting to contact A by mail, "except for mailing court-ordered emergency monetary assistance, checks or money orders directly or through third parties." The order also provided, in boldface font, that
"nothing in this order prevents [defendant] from serving or providing documents related to a court (or administrative) case to [A] in a manner permitted by law. However, [defendant] may not personally deliver legally-related documents to [A]."
While the order was in effect, defendant sent A, via certified mail, an envelope that contained a notarized "Notice of Claim of Lien upon Chattels" and a notarized "Claim of Possessory Lien-Notice of Foreclosure Sale." The envelope's letterhead contained the name and address of a law firm, but the attorneys and staff of that firm were "confident" that the envelope was not sent from anyone at the firm. Attached to the back of the envelope was a green form used by the post office to send certified mail that listed defendant as the sender and provided his address. The envelope was delivered to A by a postal worker.
Subsequently, the state moved the court for an order directing defendant to show cause why it should not find him in contempt of court for violation of the FAPA order. The *161 trial court granted the show cause order that had alleged, as to Count 1, that defendant "contacted or attempted to contact [A] by mail." Following a hearing on that order, the trial court found defendant in contempt of court, explaining:
"The Court issued an order to [defendant] that he was not to have any contact, direct, indirect, personal, or otherwise [with A]. * * *
"* * * I do not find anything about this case to be credible as a far as [defendant's] actions, his intent, and especially about taking an envelope out of the * * * law firm and writing on it and making a personal delivery, which he was not authorized to do.
"If he thought that he could make that order and-in deviation from the restraining order, he would have had to come back first to the Court to get authorization from the Court to make that type of a service if he could not afford any service otherwise. He could have had any other adult make that delivery, and it would not have been by him; but writing it himself and having a return address back to himself was personal contact by [defendant], and was prohibited by the restraining order."
On appeal, defendant argues that the evidence was legally insufficient for the trial court to find him in contempt on Count 1, because the "restraining order does not prohibit him from providing legally required notices to [A] through certified mail." In response, the state argues that the trial court did not err in finding defendant in contempt of court, "because the restraining order prohibited defendant from personally serving legal documents by mail[.]"
"When a defendant argues that there was insufficient evidence to find that the defendant violated a court order, we proceed as though we were reviewing the denial of a motion for a judgment of acquittal." State v. Langford , 260 Or.App. 61, 68, 317 P.3d 905 (2013). Typically, when reviewing a trial court's denial of a defendant's motion for judgment of acquittal, "we determine whether a rational trier of fact, making reasonable inferences, could have found the essential elements of the crime proved beyond a reasonable doubt." Id. (internal quotation marks omitted). However, where the dispute turns on "what the elements of the trial court's order were," such as in this case where the issue *162 concerns whether the court's order prohibited defendant's conduct, we review for errors of law. Id. *914 In such a case, "[w]hen the state seeks to impose a punitive sanction for contempt, it must prove beyond a reasonable doubt that a valid court order exists, that the defendant knew of the order, and that the defendant voluntarily failed to comply with it." Id. (internal quotation marks omitted). Here, the trial court found defendant in contempt for failing to comply with the restraining order because, by using the mail to serve legal documents on A, he made personal contact with her in violation of the order. However, as noted above, defendant argues that the restraining order did not prohibit him from using certified mail to serve legally required notices upon A. We agree with defendant.
The restraining order at issue prohibited defendant from "contacting, or attempting to contact, [A] by mail." However, the order also included, in bold font, that defendant was not prohibited "from serving or providing documents related to a court * * * case to [A] in a manner permitted by law ."[2] (Emphasis added.) That exception in the order-allowing defendant to use legally permissible methods to serve A legal documents-is in accordance with exceptions contained in the FAPA statutes. Contextually, ORS 107.718(12) provides that "[s]ervice of process or other legal documents upon the [protected person] is not a violation of this section if the [protected person] is served as provided in ORCP 7 or 9." In turn, ORCP 9 B permits service by mail.[3] Moreover, certified mail is also the permitted form of service under the statutes governing lien and foreclosure notice requirements. See ORS 87.252(1) ("When a lien claimant files a notice of claim of lien * * * the lien claimant shall send forthwith a copy of the notice to the owner of the chattel to be charged *163 with the lien by * * * certified mail sent to the owner at the owner's last-known address."); ORS 87.192(1)(a) ("[T]he lien claimant shall give notice of the foreclosure sale to the lien debtor by * * * certified mail sent to the lien debtor at the lien debtor's last-known address.").
As is evident, both the wording of the FAPA order and the statutes describing legally permissible service methods demonstrate that certified mail is a manner permitted by law by which defendant could have served the legal notices upon A. Moreover, although the state contends that defendant could not have personally mailed the legal notices, the state conflates personal mailing with personal delivery. As noted, the restraining order prohibited defendant from personally delivering legally-related documents to A; however it was a postal worker-and not defendant-who personally delivered the documents to A. That is, although defendant personally mailed the legal notices via certified mail, those documents were personally delivered by an uninterested third person. See, e.g. , ORCP 9 B (providing that, in regards to service upon a party or attorney, "delivery" includes "handing it to the person to be served," whereas "service by mail is complete upon mailing"). Accordingly, we conclude that the trial court erred in finding defendant in contempt of the order on Count 1.
Judgment reversed as to finding of contempt on Count 1; otherwise affirmed.

In his second assignment of error, defendant argues that the trial court erred by conducting "a proceeding to impose punitive sanctions on defendant for contempt." We reject that assignment without further written discussion.

The parties and the trial court appear to have proceeded with the understanding that the exception in the order, which refers to documents related to a "court (or administrative case)" applies to service of the legal notices in this case. As a result, the parties have focused on whether service by mail is permitted under that exception. In light of how the case was litigated, we likewise proceed with that assumption and address only whether the exception contemplates service by mail.

ORCP 9 B provides, in pertinent part, "Service * * * upon a party shall be made by delivering a copy to that * * * party; by mailing it to the * * * party's last known address[.]"